IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| GREAT SOUTHERN BANK, ) | |
| ) | **Case No. 6:13-cv-03167-GAF** |
| Plaintiff, ) | |
| ) | Consolidated with: |
| vs. ) | Case No. 6:13-cv-03178-DGK |
| ) | Case No. 6:13-cv-03179-BCW |
| DALJEET S. MANN, et al., ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

## DEFENDANT PARAMJIT K. OTAL'S
## FIRST AMENDED ANSWER

COMES NOW Defendant Paramjit K. Otal (hereinafter "Defendant" or "Mrs. Otal"), Defendant in Case No. 6:13-cv-03179-BCW, now consolidated under Case No. 6:13-cv-03167-GAF, by and through counsel, pursuant to Fed. R. Civ. P. Rule 15(a)(2), and for her First Amended Answer to Plaintiff Great Southern Bank's ("Plaintiff") Complaint ("Complaint"), states and alleges as follows:

## PARTIES

1. Defendant is without information and knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 1, and therefore, denies the same.

2. Defendant is without information and knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 2, and therefore, denies the same.

3. Defendant admits the allegations contained in paragraph 3.

4. Defendant admits the allegations contained in paragraph 4.

5. Defendant is without information and knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 5, and therefore, denies the same.

6. Defendant is without information and knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 6, and therefore, denies the same.

## JURISDICTION AND VENUE

7. Paragraph 7 contains conclusions of law rather than averments of fact and therefore no response is required. Nevertheless, Defendant does not dispute subject matter jurisdiction in this case.

8. Paragraph 8 contains conclusions of law rather than averments of fact and therefore no response is required. Nevertheless, Defendant does not dispute venue or personal jurisdiction in this case as to himself.

## NATURE OF DISPUTE

9. Defendant admits with regard to Paragraph 9 that BABA Lodging, LLC is a Louisiana limited liability company and that BABA Lodging, LLC is in the business of operating a 120-room Country Hearth Inn in Bossier City, Louisiana. Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 9 and, therefore, denies the same.

10. Defendant admits with regard to Paragraph 10 that Exhibit A to Plaintiff's Complaint is a true and correct copy of the Promissory Note dated March 27, 2008. The remaining allegations contained within Paragraph 10 contain conclusions of law rather than averments of fact and therefore no response is required but to the extent a response is required, Defendant denies the same.

11. Defendant admits with regard to Paragraph 11 that Exhibit D to Plaintiff's Complaint is a true and correct copy of the Commercial Guaranty executed by Defendant. The remaining allegations contained within Paragraph 11 contain conclusions of law rather than

averments of fact and therefore no response is required but to the extent a response is required, Defendant denies the same.

12. Paragraph 12 contains conclusions of law rather than averments of fact and therefore no response is required but to the extent a response is required, Defendant denies the same.

13. Defendant admits that she received a copy of the letter (attached to the Complaint as Exhibit G) dated December 13, 2012. The remaining allegations contained within Paragraph 13 contain conclusions of law rather than averments of fact and therefore no response is required but to the extent a response is required, Defendant denies the same.

14. Defendant admits that she received a copy of the letter (attached to the Complaint as Exhibit H) dated January 3, 2013. The remaining allegations contained within Paragraph 14 contain conclusions of law rather than averments of fact and therefore no response is required but to the extent a response is required, Defendant denies the same.

15. Defendant denies the allegations contained within Paragraph 15.

16. Paragraph 16 contains conclusions of law rather than averments of fact and therefore no response is required but to the extent a response is required, Defendant denies the same.

## COUNT I – BREACH OF CONTRACT AGAINST DALJEET S. MANN

17. The allegations contained in Count I, paragraph 17 through 20 of Plaintiff's Complaint are not directed toward this Defendant and therefore do not require a response from this Defendant. To the extent any of the allegations/paragraphs contained in Count I are directed toward this Defendant, Defendant denies each and every allegation contained therein.

### COUNT II – BREACH OF CONTRACT AGAINST JAGTAR S. OTAL

18. The allegations contained in Count II, paragraph 21 through 24 of Plaintiff's Complaint are not directed toward this Defendant and therefore do not require a response from this Defendant. To the extent any of the allegations/paragraphs contained in Count II are directed toward this Defendant, Defendant denies each and every allegation contained therein.

### COUNT III – BREACH OF CONTRACT AGAINST PARAMJIT K. OTAL

19. Defendant incorporates by reference the responses to each of the above paragraphs as if fully set forth herein.

20. Defendant denies the allegations of Paragraph 26.

21. Defendant denies the allegations of Paragraph 27.

22. Defendant denies the allegations of Paragraph 28.

### COUNT IV – BREACH OF CONTRACT AGAINST HARJINDER S. LADHAR

23. The allegations contained in Count IV, paragraphs 29 through 32 of Plaintiff's Complaint, are not directed toward this Defendant and therefore do not require a response from this Defendant. To the extent any of the allegations/paragraphs contained in Count IV are directed toward this Defendant, Defendant denies each and every allegation contained therein.

### COUNT V – BREACH OF CONTRACT AGAINST DEBO LADHAR

24. The allegations contained in Count V, paragraphs 33 through 36 of Plaintiff's Complaint, are not directed toward this Defendant and therefore do not require a response from this Defendant. To the extent any of the allegations/paragraphs contained in Count V are directed toward this Defendant, Defendant denies each and every allegation contained therein.

## AFFIRMATIVE DEFENSES

1. Defendant denies each and every allegation in Plaintiff's Complaint which has not been specifically admitted herein.

2. The Complaint, and each purported claim asserted therein, fails to allege facts sufficient to state a claim for relief against this Defendant.

3. This Defendant is entitled to a set-off or credit for any judgment, settlement, or proceeds paid to Plaintiff in full or partial satisfaction of any indebtedness allege in the Complaint by other persons, entities, defendants, other defendants' representatives, or third-parties.

4. Plaintiff's claims are barred, in whole or in part, under the doctrines of waiver and/or estoppel.

5. Plaintiff's claims are barred, in whole or in part, based on acts that are or were excused and therefore not actionable.

6. Plaintiff's claims are barred, in whole or in part, based on the doctrine of assumption of risk.

7. Plaintiff's claims are barred due to novation.

8. Plaintiff's claims are barred in whole or in part by its failure to mitigate any alleged damages.

9. Plaintiff's claims are barred, in whole or in part, based on the doctrine of acquiescence.

10. Plaintiff's claims are barred, in whole or in part, on the basis that they have been discharged.

11. Plaintiff's claims are barred, in whole or in part, based on the doctrine of prevention of performance.

12. Plaintiff's claims are barred, in whole or in part, based on the doctrine of accord and satisfaction.

13. This Defendant is entitled to have any award of damages to Plaintiff reduced, in whole or in part, based on the doctrine of recoupment because Plaintiff obtained its rights against Defendant by its violation of Defendant's rights under the Equal Credit Opportunity Act ("ECOA") and pursuant to the equitable doctrine of recoupment, it would be inequitable and unjust for Plaintiff to be able to profit from its violation of the ECOA.

Defendant has not knowingly or intentionally waived any applicable affirmative defenses, and reserves the right to assert and rely upon other applicable affirmative defenses that may become available or apparent during discovery in this matter. Defendant reserves the right to amend or seek to amend his answer and/or affirmative defenses.

## PRAYER FOR RELIEF

WHEREFORE, Defendant respectfully requests the entry of judgment in her favor and against the Plaintiff as follows:

A. Dismissing the claims in the Complaint against Defendant in their entirety with prejudice and entering a judgment in favor of Defendant;

B. Granting Defendant such other and further relief as the Court may deem just and proper.

## REQUEST FOR TRIAL BY JURY

Comes now Defendant and requests trial by jury on all issues so triable.

Respectfully submitted,

WAGSTAFF AND CARTMELL LLP

/s/ *Eric D. Barton*
Tyler W. Hudson      MO #53585
Eric D. Barton       MO #53619
David M. McMaster    MO #64409
4740 Grand Avenue, Suite 300
Kansas City, Missouri  64112
thudson@wcllp.com
ebarton@wcllp.com
dmcmaster@wcllp.com
Ph:  (816) 701-1100
Fax: (816) 531-2372
**ATTORNEYS FOR DEFENDANTS**